956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Wayne BAGBY, Defendant-Appellant,
 No. 90-50321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1992.*
Decided March 3, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Wayne Bagby appeals his conviction following a conditional guilty plea for violation of Title 21 U.S.C. § 846 and § 841(a)(1), conspiracy to manufacture methamphetamine and possess methamphetamine with intent to distribute.
 
 
 3
 Bagby reserved the right to appeal two issues. The first is whether the district court erred in denying him standing to challenge the government's undercover operation as outrageous conduct. We held that the undercover operation in question did not constitute outrageous government conduct. United States v. Allen, No. 90-50666, slip op. (9th Cir. __________, 1992). Consequently, any error which the district court might have committed in denying Bagby standing on this issue was harmless.
 
 
 4
 Bagby also appeals the district court's denial of his motion to suppress evidence obtained from a small detached structure set about three feet away from the rear of his house and painted in a similar color. Bagby contends that since the warrant particularly described only his single-story residence, it did not justify the search of the detached structure, which he used for his business. We review the district court's denial of his motion de novo.
 
 
 5
 In United States v. Frazin, 780 F.2d 1461, 1467 (9th Cir.), cert. denied, 479 U.S. 844 (1986), we noted that "we have upheld searches of all the property at a listed street address under warrants that recite probable cause as to only a portion of the premises where a multi-unit building or a collection of separate buildings is used as a single entity, where the defendant is in control of the whole premises, or where an entire premises is suspect."
 
 
 6
 In the instant case, both the house and the smaller structure were located at the same street address named in the warrant. In its findings of fact, the district court appropriately described the single-room structure as a "detached den." Even if, as Bagby contends, it bore a small sign reading "Office," it was essentially part of Bagby's residence, not a public place of business. Located in his fenced-in backyard without independent access from the street, the small structure was within Bagby's control. There is no question that the entire premises was suspect. Consequently, the government's warrant authorized the search of the small structure as well as Bagby's house.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3